**SETH P. CHAZIN, SBN #133777**
**LAW OFFICES OF SETH P. CHAZIN**
**1164 Solano Avenue**
**Albany, CA 94706**
**Telephone: (510) 507-8100**
**Facsimile: (510) 525-0087**

**Attorney for Defendant**
**KENYATTA WILLIAMS**

## UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | No. CR 07-00488-06 CW |
| | ) | |
| **Plaintiff,** | ) | **SENTENCING MEMORANDUM** |
| | ) | |
| **vs.** | ) | |
| | ) | |
| **KENYATTA WILLIAMS,** | ) | **Date: July 23, 2008** |
| | ) | |
| **Defendant** | ) | **Time: 2:00 p.m.** |
| | ) | |

## INTRODUCTION

Defendant Kenyatta Williams pled guilty to a violation of 18 U.S.C. § 1028 (f) - Conspiracy to Unlawfully Transfer or Use a Means of Identification of Another. The written plea agreement pursuant to Rule 11 (C) (1) (c) states that the parties agree that, under the United States Sentencing Guidelines and 18 U.S.C. 3553 (a), a term of imprisonment of one year and one day is a reasonable and appropriate sentence. The Probation Officer's Presentence Investigation Report calculates a total offense level of 10 and a criminal history category V, resulting in an advisory guideline range of 21 to 27 months. As required, the probation officer reviewed 18 U.S.C. § 3553(a) for guidance in determining an appropriate sentence and recommends a sentence of 21 months custody followed by a three year term of supervised

1

1   release.

2       The Court must consider all of the factors outlined in 18 U.S.C. § 3553(a), not just the

3   guidelines, in determining a sentence that is sufficient, but not greater than necessary to meet the

4   goals of sentencing. *United States vs. Booker*, 125 S.Ct. 738 (2005). The primary directive in 18

5   U.S.C. § 3553(a) is for sentencing courts to impose a sentence which is sufficient, but not greater

6   than necessary, to comply with the four objectives of sentencing: (1) to provide just punishment;

7   (2) to afford adequate deterrence to criminal conduct; (3) to protect the public from further

8   crimes of the defendant; (4) and to provide the defendant with effective rehabilitative treatment.

9       The defendant has several 3553 (a) factors that are applicable to him which support a

10  downward departure from the Guideline range and justify the agreed-upon sentence contained in

11  the plea agreement.

12

13                                      **ARGUMENT**

14

15                                          **I.**

16  **A DOWNWARD DEPARTURE IS WARRANTED IN LIGHT OF THE SEVERE
    ABUSE AND NEGLECT THAT THE DEFENDANT SUFFERED AS A CHILD.**

17
    The court may grant a downward departure where the defendant has suffered mental and
18
    emotional abuse and it appears that the defendant's mental and emotional conditions contributed
19
    to the commission of the offense. *United States v. Brown*, 985 F.2d 478 (9th Cir 1993); *United*
20
    *States v. Roe,* 976 F.2d 1216 (9th Cir. 1992); *United States v. Rivera*, 192 F.3d 81, 84 (2nd Cir.
21
    1999), *Also See United States v. Lopez, 938 F.2d 1293, 1298 (D.C. Cir. 1991)* and *Atkins v.*
22
    *Virginia* (2002) 536 U.S. 304.
23
        Here, the probation officer notes that the defendant suffered extensive abuse as a child
24
    including the fact that he never really knew his mother or his father, that he was bounced from
25
    one relative to another as a young child while at times suffering abuse at the hands of these
26
    relatives and ultimately left to live on his own at the tender age of 13. In fact, the defendant still
27

28                                          2

continued to suffer the effects of the trauma he endured as a child, periodically suffering from bouts of depression and ultimately falling prey to substance abuse in and around the time that the defendant committed the instant offenses.

There is no question that the defendant's childhood has had a significant impact on his psyche as well as his conduct in the community. Thus, it is submitted that there are sufficient grounds to warrant a downward departure under the above-referenced authority.

## II.

**THERE IS GOOD CAUSE TO DEPART DOWNWARD WHERE THE DEFENDANT'S ACTUAL CONDUCT IS LESS SERIOUS THAN TYPICAL CONDUCT COVERED BY THE HEARTLAND OF THE GUIDELINE.**

Several Circuit courts have affirmed that a downward departure is appropriate where the defendant's conduct is less serious than typical conduct for the conviction offense. *United States v. Sanchez-Rodriguez, 161 F.3d 556, 561 (9th Cir. 1998); United States v. Stockheimer, 157 F.3d 1082, 1091 (7th Cir. 1998) and United States v. Sicken*, 223 F.3d 1169 (10th Cir. 2000).

Here, the defendant was connected with the preparation of a document that purportedly set up a structure for "The Bizz" and provided instructions to other co-conspirators. He also agreed to pick up and sell some of the merchandise that was fraudulently obtained, though there is little evidence that he actually received any of these items. This however appears to be the vast extent of his involvement with this organization and the overall conspiracy. There is little if any evidence that the defendant created fake identities or profiles, set up fake accounts or ordered or received actual merchandise.

In light of the facts of this case and in particular the extent of the defendant's specific conduct, especially when compared to that of several of his co-defendants (as well as the typical defendant in cases involving charges similar to those in the instant case), the defendant's conduct is less serious than typical conduct for the conviction offense. Accordingly, the defendant

submits there is good cause for the court to downwardly depart below the Guideline range.

### III.

**A DOWNWARD DEPARTURE IS WARRANTED IN LIGHT OF THE DEFENDANT'S POST-OFFENSE REHABILITATION.**

A downward departure is warranted where the defendant establishes significant post-offense rehabilitation. *United States v. Green, 152 F.3d 1202 (9th Cir. 1998) and United States vs. Newlon, 212 F.3d 423 (8th Cir 2000).*

Thanks to the court's assistance in providing the defendant with the opportunity to engage in substance abuse treatment during the pendency of the instant case, the defendant successfully completed and graduated from the Center Point, Inc. substance abuse treatment program. (See letter from Center Point, attached hereto) The defendant has turned his life around. He is clean and sober, regularly attending after-care sessions at Center Point and is working for Safeway as an Online Shopper. He has clearly shown significant post-offense rehabilitation. Accordingly, a downward departure is warranted under these circumstances. (*Ibid.*)

### IV.

**THERE IS GOOD CAUSE TO DEPART DOWNWARD TO ENSURE THERE IS NO DISPARITY IN SENTENCING BETWEEN THE DEFENDANT'S SENTENCE AND THAT OF HIS CO-DEFENDANTS.**

Co-defendants Green and Enriquez were sentenced to no time in custody and one year probation. Case law is clear that disparate sentences are one of the most important evil**s** that the Guidelines were intended to cure. *United States v. Ray, 930 F.3d 1368 (9th cir. 1990).* It has been held that a downward departure is appropriate to avoid sentencing disparity among co-defendants. *United States v. Daas, 198 F.3d 1167 (9th Cir. 1999).* In light of the minimal

1    sentences imposed in the cases of co-defendants Green and Enriquez, it is submitted that there is

2    good cause to downwardly depart from the guideline range applicable to the defendant in order to

3    avoid a disparate sentence.

4

5

6                                                **V.**

7    **THE COMBINATION OF ALL FACTORS CONSTITUTES A MITIGATING**
     **CIRCUMSTANCE JUSTIFYING A DOWNWARD DEPARTURE.**

8

9        The Ninth Circuit has long held that a "combination of factors can together constitute a

10   mitigating circumstance justifying a downward departure. See *United States v. Cook* (9th Cir.

11   1991) 938 F.2d 149, 153; *U.S.S.G. section 5K2.0.*

12       The above-referenced factors, when viewed in the aggregate, support a downward

13   departure in Mr. William's sentence. In particular, the defendant had a horrendous childhood

14   that involved physical abuse, emotional abuse and extreme neglect. He never knew his parents in

15   any real way and even those that he went to for shelter violated him in various ways. He set out

16   to fend for himself at age 13. Consequently, it is not surprising that the defendant has had

17   numerous problems including substance abuse and criminal behavior.

18       The defendant submits that the factors described herein, in fact, support a significant

19   downward departure from the applicable guideline range. He therefore respectfully requests that

20   the Court consider the above factors in their totality as well as individually when determining

21   whether and to what extent to depart downward.

22

23                                       **CONCLUSION**

24       In summary, Mr. Williams is a young man who was severely abused as a child. He

25   ensnared himself in illegal conduct while in the throws of depression and abuse of drugs and

26   alcohol.

27

28                                               5

1   The defendant is remorseful for what he has done and seeks to apologize and make

2   restitution to those people who were affected by the commission of this offense.  The defendant

3   respectfully requests that the Court consider the above factors in determining a sentence which is

4   "sufficient, but is not greater than necessary" to achieve the goals of sentencing and that is fair

5   and just in this particular case.  It is submitted that, in light of all of the factors raised above, the

6   agreed-upon sentence of one year and one day imprisonment is appropriate.

7

8   **Dated: July 15, 2008.**                              **Respectfully submitted,**

9

10

11                                        _____/s/_____

12                                        **SETH P. CHAZIN**
                                         **Attorney for Defendant**
13                                        **KENYATTA WILLIAMS**

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28                                        6

SHORT TITLE: UNITED STATES VS. WILLIAMS                                            CASE NUMBER: CR 07 -00488-06 CW

**PROOF OF SERVICE**

1.     I served the attached [ x ]SENTENCING MEMORANDUM[   ] Subpoena Duces Tecum and supporting affidavit by FAXING a copy of the attached sentencing memorandum to

       the following person:

       a.  Person served (name) Keslie Stewart, UNITED STATES ATTORNEY'S OFFICE (510) 637-3724

                    BRIAN CASAI, US Probation (510) 637-3634

       b.  Address where served:

       c.  Date of delivery: 7/16/08

       d.  Time of delivery:

2.     I received this Subpoena for service on (date):

3.     [   ]  **NON-SERVICE RETURN OF SUBPOENA**

       a. [   ]          After due search, careful inquiry, and diligent attempts at the dwelling house or usual place or abode or usual place of business.  I have been unable to make personal

                 delivery of this [   ] Subpoena [   ] Subpoena Duces Tecum on the county on the following persons (specify):

       b.  Reason:

       (1) [   ] Unknown at address:    (4) [   ]                                          Out-of-county address.

       (2) [   ] Moved, forwarding address unknown.                                       (5) [   ]          Unable to serve by hearing date.

       (3) [   ] No such address.          (6) [   ]                                       Other reasons (explanation required):

4.     Person serving:

       a. [ X ] Not a registered California process server.                      e     [   ]           Exempt from registration under

       b. [   ] California sheriff, marshal, or constable.                                            Bus. & Prof. Code section 22350(b).

       c. [   ] Registered California process server.                            f.    Name, address, and telephone number and, if

       d. [   ] Employee or independent contractor of a                                applicable,  county of registration and number:

              registered California process server.

       I **declare** under penalty of perjury under the laws of the State               (For California sheriff, Marshall, or constable use only)

of California that the foregoing is true and correct                                   I certify that the foregoing is true and correct:

Date: 7/16/08                                                                          Date:

>_____/S/_____                                    >_____

              (SIGNATURE)                                                                      (SIGNATURE)

7